[No. 8384.]

## SCOTT V. RAMSEIR.

TAX TITLES—*Tax Purchase Certificate—Effect.* The holder of a tax purchase certificate has neither title nor constructive possession. (252.)

*Error to the Court of Appeals.*

*En Banc.*

Mr. R. M. GILMORE, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

Opinion by Mr. Justice TELLER.

Plaintiff in error brought suit in ejectment alleging title and right of possession, and that the defendant, in 1905, wrongfully ousted plaintiff, and had since withheld possession from him.

The answer included a general denial, and as a second defense, set up a tax deed to the land in question issued to one Lambert, on February 9, 1899, and recorded the next

day, and a conveyance by Lambert to defendant on the 27th day of October, 1905.

The third defense set up the five year statute of limitation, alleging that defendant and his predecessor in interest had held possession of the land since the recording of the tax deed in 1899.

In a fourth defense, as amended, the defendant pleaded a sale of the land to one Young for the taxes of 1902, an assignment of the tax certificate of said sale to defendant on October 27, 1905, and a tax deed to him December 27, 1906, which was filed for record on the same day.

On the trial counsel for plaintiff objected to the admission in evidence of the tax deed of 1899, on the ground that it was void on its face, and the objection was sustained.

The tax deed of 1906 was received in evidence, and the court found for the defendant, and entered judgment accordingly.

This judgment was affirmed by the Court of Appeals, 25 Colo. App. 540, the court rejecting the contention of plaintiff in error that the defendant had in his answer admitted being in possession in 1902, and hence was bound to pay the tax of that year; and that he could, therefore, acquire no title under a tax deed on a sale for those taxes.

The Court of Appeals held that, inasmuch as the plaintiff by his objection excluded on the trial the tax deed of 1899, and thereby prevented proof of title under which defendant would have had at least constructive possession, he cannot now properly claim that defendant did have possession.

Plaintiff in error replies that proof of possession was not necessary in view of defendant's allegations of possession; in other words, that defendant is bound by the admission in his answer.

Whether or not defendant is bound by the allegations of his answer which plaintiff denied in his replication need

not be determined, since it is clear that defendant did not admit that he was in possession in 1902; nor is there anything in the record which indicates that Young, who bought the land for the taxes of that year, ever had possession of it, actual or constructive. The holder of a tax certificate has no title, and hence does not have constructive possession. *Morris & Thomas v. St. Louis Nat. Bank,* 17 Colo. 231.

The answer avers that defendant and *his predecessor in interest* had held possession since 1899, but its allegations show that the deed was to Lambert, and that he conveyed to defendant in 1905, on the very day upon which defendant received by assignment from Young the tax certificate of sale for the taxes of 1902.

So far as the record shows, the defendant had no interest in the land, and made no claim to title thereto prior to 1905. The cases cited by counsel for plaintiff in error as to the effect of a claim of title on a tax deed on a sale while such claim was asserted have, therefore, no bearing on this case.

The judgment of the Court of Appeals is affirmed and the cause remanded to the District Court for further proceedings in harmony herewith.

Chief Justice GABBERT, Mr. Justice WHITE and Mr. Justice SCOTT dissent.

Decided January 3, A. D. 1916.    Rehearing denied May 1, A. D. 1916.